Nationstar Mtge., LLC v Hawk (2019 NY Slip Op 04960)





Nationstar Mtge., LLC v Hawk


2019 NY Slip Op 04960


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-04598
 (Index No. 23089/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
John Hawk, etc., appellant, et al., defendants.


Yitzhak & Epstein P.C., Great Neck, NY (Erica T. Yitzhak of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl and Mindy Kallus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Hawk appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 12, 2017. The judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court, also dated January 12, 2017, granting the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report and is in favor of the plaintiff and against the defendant John Hawk directing a foreclosure and sale of the subject property. The notice of appeal from the order is deemed to be a notice of appeal from the judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On June 12, 2007, the defendant John Hawk (hereinafter the defendant) and nonparty Beth Tinelly executed a mortgage to secure payment of a $323,400 adjustable rate note to Mortgage Electronic Registration Systems, Inc., solely as nominee for Lehman Brothers Bank, FSB. The note was subsequently assigned to the plaintiff. In August 2013, the plaintiff commenced this action to foreclose the mortgage after the defendant allegedly defaulted on his payments. The plaintiff moved for and obtained an order of reference upon the defendant's default in answering the complaint. The defendant's cross motion to vacate his default was denied and, upon the defendant's motion for leave to reargue, the Supreme Court, upon granting reargument, adhered to its earlier determination. Subsequently, the plaintiff moved for a judgment of foreclosure and sale, and the defendant opposed the motion. The court granted the motion, and a judgment of foreclosure and sale, inter alia, confirming the referee's report, was entered in favor of the plaintiff and against the defendant, among others. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly confirmed the referee's report. Under the circumstances of this case, the referee was not required to conduct a hearing prior to issuing her report (see Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600, 601; Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981, 981; Wachovia Mtge. Corp. v Lopa, 129 [*2]AD3d 830, 831; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708; Dune Deck Owners Corp. v J.J. & P. Assocs. Corp., 85 AD3d 1091, 1091; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702, 702; Deutsche Bank Natl. Trust Co. v Jackson, 68 AD3d 805, 805). Accordingly, we agree with the court's determination granting the plaintiff's motion for a judgment of foreclosure and sale insofar as it was against the defendant.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court